# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HARRISON LEWIS, III, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-18-2985 |
| PRESIDENT DONALD J. TRUMP, et al., | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

The above-captioned Complaint (ECF No. 1) was filed on September 26, 2018, along with a Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2). Thereafter, Plaintiff filed a Supplemental Complaint. ECF No. 4. Plaintiff Harrison Lewis is a federal inmate currently housed at the Federal Detention Center in Philadelphia, Pennsylvania.[1] For the following reasons, the Complaint will be dismissed and Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) will be granted.

The Complaint names Donald J. Trump, the President of the United States; John Kelly, the President's Chief of Staff, and "U.S.S.S. Forwarder" as Defendants. ECF No. 1. He alleges that:

> The defendant(s) contracted the Plaintiff to multitask a systems analysis for the first step act/criminal justice reform. Provide the professional services in such a style as Jon Taffer's BAR RESCUE tv series as an O.J.T. on-the-job trainer and adviser to the President, White House cabinet and staff. Any and all executive branch personnel who were in need of assistance or unable to discharge the powers and duties under Amend. XXV to streamline, update and expedite the ergonomics logistics for econometric improvements, hiccups and or inability to discharge the powers and duties of the said office'(s) which required the plaintiff, Mr. Lewis to act as a fail-safe by submitting opinion's, in writing, for the principal officer's in each of the executive departments, upon subjects relating to the duties of their respective offices in accordance with Art. II, Sect 2 as the

---

[1] The Clerk shall amend the docket to reflect Lewis's correct address as reflected in ECF No. 3 at p. 6.

> Plaintiff, Mr. Lewis, thought proper to preserve, protect and defend the Constitution of the United States under Art. II, Sect. 1 to the best of my ability until the senior executive staff was up to par, replaced or until vacancies were filled. Due to the compartmented nature for security reasons this was not conducted nor subject to the so-called usual chain of operational command for their effectiveness, but was assisted by many behind the scenes personnel, at local, State and Federal levels. This only briefly states the facts of this case. Not all can be disclosed at this time. Timeline, was from when President Trump was about to be banned from a Head of State visit to the U.K & E.U, continuously up to the hurricane Florence crisis. As per the terms of the contract Relief: unconditional pardon or expungement of all records and legal fee's-court costs.

ECF No. 1 at pp. 1-2 (sic) (some capitalization changed from original).

> In his amended complaint (ECF 3), Plaintiff adds the following additional allegations:
>
> The Plaintiff Mr. Lewis was under contract with the Defendants to provide specialized OXXX professional services that resulted in the Trump admin's claim of 289 accomplishments, via a simulated style as Paramount Networks Jon Taffer's BAR RESCUE series, frankly. Whereas Mr. Lewis provided the oversight and directives as well as on-the-job training via Pro Tem Opinions in writing, for the Defendants for the principal U.S. Cabinet Officer's and their Senior Executive Staff subordinate personnel in each of the executive Departments upon any subject relating to the Duties of their respective Offices as a day in day out continues fail-safe, due to their inability to perform their existing or new occupational, physiological, social duties of said office's due to their lack/range of understanding was not sufficient to make or communicate responsible constitutional responsible decisions pursuant to direct and or indirect authority. Mr. Lewis would then scribe and script proselytized effective spin control presentations of difficult subjects for communications to general audiences, line by key lines, gists, as well as for online social media sites for the aforesaid until they were up to par, replaced and for vacancies until they were filled, or redeployed, or promoted. This entailed the same for and to unpaided and $2.00 a year cabinet advisory board's, and other organizations who consult with and aid the chief executive and his administration individually when assembled. Timeline: for about the first 19 months of the Trump admin.
> ****
> While alienating my own family. As an indigent prisoner, experiencing first hand the need for criminal justice reform while blue printing trouble-shooting the first step act for actual criminal justice reform. Next is term limits for congress. Note, Elon Musk because of one false tweet was investigated & penalized $40 million, while out and out fraud by other's is allowed each and every day if you can afford to pay . . . .

ECF No. 3 at pp. 2-3 (sic) (some capitalization changed from original).

As noted, Lewis filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-23 (4th Cir. 1989).

A Complaint that is totally implausible or frivolous, such as this, may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). Clearly the allegations asserted by Plaintiff are the product of fantasy or delusional thinking that cannot be addressed by

3

this Court.  Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf.

Plaintiff's Complaint shall be dismissed.  A separate Order follows.


___11/1/2018_____                    _____/s/_____
Date                                                    RICHARD D. BENNETTT
                                                        UNITED STATES DISTRICT JUDGE